**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0737-18

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

JOSEPH AMOOP,
a/k/a JOESPH AMOOP,
JOSEPH MICHAEL ANOOP,
and JOSEPH M. ANOOP,

     Defendant-Appellant.

_____

Submitted June 9, 2021 – Decided June 30, 2021

Before Judges Fuentes and Whipple.

On appeal from the Superior Court of New Jersey, Law Division, Camden County, Indictment No. 08-06-1948.

Joseph E. Krakora, Public Defender, attorney for appellant (Andrew P. Slowinski, Designated Counsel, on the briefs).

Jill S. Mayer, Acting Camden County Prosecutor, attorney for respondent (Kevin J. Hein, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Joseph Amoop appeals the June 19, 2018 denial of his petition for post-conviction relief (PCR) without an evidentiary hearing. Defendant was convicted of first-degree felony murder, N.J.S.A. 2C:11-3(a)(3), and other offenses[1] for an October 2013 murder following a botched drug deal in Camden. We affirm.

At trial, the State's case in chief relied exclusively on the testimony of Desmond McMoore, a co-defendant in this case, who testified defendant shot the victim multiple times. According to McMoore, after the victim died, defendant robbed the victim and two other bystanders waiting in line to buy drugs. Defendant was sentenced on January 10, 2014, to life in prison subject to the No Early Release Act, N.J.S.A. 2C:43-7.2, to which he filed a direct

---

[1] After a jury trial, defendant was also found guilty of first-degree robbery, N.J.S.A. 2C:15-1; first-degree conspiracy to commit murder or robbery, N.J.S.A. 2C:5-2; second-degree possession of a firearm for an unlawful purpose, N.J.S.A. 2C:39-4(a); and third-degree unlawful possession of a handgun, N.J.S.A. 2C:39-5(b). On January 10, 2014, defendant was sentenced to life in prison for felony murder, to run consecutive to his existing sentence in Pennsylvania, but concurrent to a five-year sentence for unlawful possession of a handgun under count six. The robbery, conspiracy, and unlawful purpose counts merged into the felony murder count.

appeal. On July 7, 2016, we affirmed defendant's conviction and sentence. State v. Amoop, No. A-3837-13 (App. Div. July 7, 2016) (slip op. at 1).

In July 2017, defendant filed a timely pro se petition for PCR. In that petition, defendant asserted multiple claims, including ineffective assistance of counsel for various reasons, prosecutorial misconduct, and newly discovered evidence. On June 19, 2018, the PCR court rejected all of defendant's claims and denied his petition for PCR.

Defendant filed a notice of appeal in October 2018, contending, among other things, that neither his PCR counsel nor the PCR court addressed his assertion about newly discovered evidence from a witness, Jose Lopez. In a two-page handwritten document, dated November 20, 2013, Lopez attested that McMoore confessed to killing the victim. In January 2020, we ordered a limited remand to allow the PCR court to address defendant's newly discovered evidence claim.

In July 2020, defendant argued that his trial counsel was ineffective for failing to investigate the newly discovered evidence. The PCR court rejected his claim because the Lopez document was not sufficiently authenticated; it failed to comply with the New Jersey Court Rules; and no one could attest to its veracity. Additionally, the PCR court also denied defendant's petition because

A-0737-18

he failed to make a prima facie case for ineffective assistance of counsel under Strickland v. Washington, 466 U.S. 668, 687 (1984). This appeal followed.

Defendant raises the following issues on appeal:

POINT I: THE PCR COURT SHOULD HAVE HELD THAT DEFENDANT'S RIGHT TO EFFECTIVE ASSISTANCE OF COUNSEL WAS VIOLATED BASED ON TRIAL AND PCR COUNSEL'S INADEQUATE REPRESENTATION, INCLUDING A FAILURE TO CONDUCT A REASONABLE INVESTIGATION. ([U.S. Const., amend. IV, amend. VI; N.J. Const. art. I, ¶ 10])

(a) Defendant Is Entitled to Relief Under Controlling Legal Principles Governing Petitions for [PCR] Pursuant to R[ule] 3:22-2 et seq.

(b) Trial and PCR Counsel's Failure to Investigate Renders Their Representation of Defendant Ineffective as a Matter of Law Requiring a Remand for a New PCR Proceeding.

(c) The PCR Court Erred by Failing to Address the Claims Raised by the Affidavit of Jose Lopez.

POINT II: THE PCR COURT ERRED IN REJECTING DEFENDANT'S CLAIM THAT HIS ATTORNEY PROVIDED INEFFECTIVE ASSISTANCE AT TRIAL IN COMMENTING ON A NON-EXISTENT EYEWITNESS AND IN FAILING TO OBJECT TO THE PROSECUTOR'S IMPROPER CLOSING STATEMENT.

4

POINT III: THE PCR COURT ERRED IN REJECTING DEFENDANT'S CLAIM THAT HIS ATTORNEY FAILED TO PRESENT AN ALIBI WITNESSS IN SUPPORT OF THE DEFENSE AT TRIAL.

POINT IV: THE PCR COURT ERRED BY DENYING DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING.

We defer to the PCR court's factual findings on a PCR petition when supported by adequate, substantial, and credible evidence. State v. Harris, 181 N.J. 391, 415 (2004). The PCR court's legal conclusions, however, receive no deference, and we review those determinations de novo. Ibid. (citing Toll Bros., Inc. v. Twp. of W. Windsor, 173 N.J. 502, 549 (2002)). Reviewing this appeal under those standards, we discern no reason to disturb the court's factual findings and legal conclusions.

A claim for ineffective assistance of counsel is governed by the standard set forth by the Supreme Court of the United States in Strickland. 466 U.S. at 687. New Jersey subsequently adopted the standard enumerated in Strickland. State v. Fritz, 105 N.J. 42, 58 (1987). To meet the standard under Strickland/Fritz, the defendant must satisfy a two-pronged test: (1) that defense counsel's performance was deficient, and he or she made errors that were so egregious that counsel was not functioning effectively as guaranteed by the

Sixth Amendment; and (2) "that the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687; Fritz, 105 N.J. at 52. Unless the defendant can satisfy both prongs, a claim for ineffective assistance of counsel is fruitless. Strickland, 466 U.S. at 687.

Under the first prong, there is a strong presumption that counsel's assistance was adequate, and he or she "made all significant decisions in the exercise of reasonable professional judgement." Id. at 690. Therefore, the court must determine whether counsel's conduct, whether it be by act or omission, was "outside the wide range of professionally competent assistance." Ibid. In other words, ineffective assistance of counsel requires the showing "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

Under the second prong, Strickland requires that the defendant prove that he was actually prejudiced by defense counsel's deficient performance. Ibid.; Fritz, 105 N.J. at 52. This prong is satisfied when the defendant can show that there exists a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Ibid. Therefore, to satisfy the second prong of the

A-0737-18

<u>Strickland</u> standard, the defendant must affirmatively prove sufficient prejudice. <u>Ibid.</u>

Finally, an evidentiary hearing to resolve a claim of ineffective assistance of counsel should not be granted unless the defendant demonstrates a reasonable likelihood of prevailing under the <u>Strickland</u>/<u>Fritz</u> standard. <u>State v. Preciose</u>, 129 N.J. 451, 462-63 (1992). Thus, a reviewing court must conclude that defendant has demonstrated that there is a reasonable likelihood that his counsel's performance was deficient because counsel did not act as a reasonably competent attorney and that he was prejudiced at trial by that deficient conduct. <u>Id.</u> at 463; <u>Strickland</u>, 466 U.S. at 687, 694; <u>Fritz</u>, 105 N.J. at 52.

Here, defendant argues that his trial counsel was ineffective due to a failure to investigate the facts set forth in the document that Jose Lopez allegedly wrote. However, defendant did not show that his counsel was ineffective under prong one of the <u>Strickland</u> standard because he has not supported the veracity of the Lopez document and has merely made vague, conclusory, and speculative allegations. <u>See</u> <u>State v. Marshall</u>, 148 N.J. 89, 158 (1997); <u>see also</u> <u>State v. Cummings</u>, 321 N.J. Super. 154, 170 (1999) (reasoning that defendant "must do more than make bald assertions that he was denied the effective assistance of counsel.").

Even if defendant had demonstrated prong one, he did not establish the second prong of the Strickland/Fritz standard. Under prong two, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." Strickland, 466 U.S. at 694.

Here, the jury acquitted defendant of first-degree murder, N.J.S.A. 2C:11-3(a)(1) or (2). However, the jury convicted him of first-degree felony murder, N.J.S.A. 2C:11-3(a)(3). Because the jury found that defendant was guilty of felony murder, if McMoore, rather than defendant, had murdered the victim, defendant would still be guilty of felony murder. Defendant's additional arguments are accordingly without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0737-18